sion as is contemplated by the section for the annual contribution to
the payment of a funded debt can only be made for a debt that is in
itself certain and definite. It cannot be known until the final outcome
either of the negotiation or of the condemnation proceedings what
amount is required to be raised, and whether it will be necessary to
create any funded debt whatever for the purpose, or, if so, the nature
of the payments that should be made thereon. In our opinion, there-
fore, this provision was not intended to apply to a proposition sub-
mitted for this purpose; the extent of the liability therefor being whol-
ly incapable of ascertainment at the time of the passage of the resolu-
tion.

We have examined the other objections raised to the plaintiff's peti-
tion, and agree with the Special Term that they should be overruled.
The order must therefore be affirmed.

Order affirmed, with $10 costs and disbursements. All concur, except
SEWELL, J., who dissents.

---

ELLIS v. NEW YORK CITY RY. CO. et al.

(Supreme Court, Appellate Division, Second Department. June 29, 1908.)

1. CARRIERS—INJURY TO PASSENGER—COLLISION OF CAR AND RUNAWAY TEAM
   —NEGLIGENCE.
       A street railway is not liable for injury to a passenger from collision of
   a car and a runaway team, though the motorman was signaled to stop,
   there being nothing to show that stopping would have prevented the acci-
   dent, at least nothing to show that the motorman had reason to believe it
   was safer to stop than to attempt to run the car forward out of the way
   of the team.

2. MUNICIPAL CORPORATIONS—STREETS—COLLISION OF RUNAWAY HORSE—NEG-
   LIGENCE—EVIDENCE.
       Evidence in an action for injury to plaintiff while on a street from col-
   lision of defendant's runaway horse held sufficient to go to the jury on the
   question of defendant's negligence in intrusting a green horse to an ineffi-
   cient driver, and in not having a proper harness for it.

3. TRIAL—DISMISSAL.
       There being in an action for injury to plaintiff while on a street from
   collision of defendant's runaway horse some evidence tending to show neg-
   ligence of defendant in intrusting a green horse to an inefficient driver,
   and in not having a proper harness for it, it was error for the court on
   setting aside the verdict, as in its discretion it might, to dismiss the com-
   plaint.

Appeal from Trial Term, Kings County.

Action by Thornton Ellis against the New York City Railway Com-
pany and another. From judgments for defendants, and from an
order denying a new trial, plaintiff appeals. Affirmed in part, and
reversed in part, and new trial granted.

Argued before WOODWARD, HOOKER, GAYNOR, RICH,
and MILLER, JJ.

Thomas C. Whitlock, for appellant.

Bayard H. Ames (Walter Henry Wood, on the brief), for respond-
ent New York City Railway Company.

Frederick Hulse, for respondent Park & Tilford.

WOODWARD, J.   The plaintiff, while a passenger on one of the cars of the defendant New York City Railway, was seriously injured by a runaway horse attached to a truck and owned by the defendant Park & Tilford.   Upon the trial, and at the close of the evidence, both defendants moved for a nonsuit;  the court reserving decision and sending the case to the jury.   The jury returned a verdict exonerating the defendant railway, and imposing the damages, to the extent of $1,000, upon the defendant Park & Tilford. The latter thereupon moved to set aside the verdict, under the provisions of section 999 of the Code of Civil Procedure, and also for a decision upon the pending motion for a nonsuit.   The plaintiff moved to set aside the verdict in favor of the defendant railway, which motion was denied.   On the defendant Park & Tilford's motion to set aside the verdict and to dismiss the complaint, the court granted both motions, and the plaintiff appeals from "the order entered herein on or about the 12th day of April, 1907, denying his motion for a new trial, made upon the minutes, and from the judgment entered herein on or about the 26th day of April, 1907, in favor of the defendant New York City Railway Company, and against the plaintiff, for the sum of $111, and the judgment entered herein on or about the 3d day of May, 1907, in favor of the defendant Park & Tilford, and against the plaintiff, for the sum of $114.33, and from each and every part of said order and judgments."

We are of the opinion that the plaintiff, having had an opportunity to go to the jury on the question of the liability of the defendant New York City Railway Company, was not entitled to a new trial as against that company.   There was very little, if any, evidence to show that the defendant had been careless in the matter.   Its car was being operated with due care, and the accident happened because the horse and wagon owned by the defendant Park & Tilford ran away and plunged into the car.   While there was some evidence that the motorman of the car was signaled to stop his car, there is nothing to show that this would have prevented the accident;  at least, nothing to show that the motorman had reason to believe that it was safer to stop his car than to attempt to run it forward out of the pathway of the horse.   A runaway horse is a very uncertain thing to attempt to dodge with a street car, in the ordinary observations of mankind, and we are of the opinion that the jury were fully justified in holding that the defendant railway company was not guilty of neglecting any duty that it owed to the plaintiff.   It seems to us, however, that the learned court erred in dismissing the complaint as to the defendant Park & Tilford.   Whatever may be said as to the weight of the evidence, and as to the propriety of setting aside the verdict of the jury, we are not prepared to say that there was not some evidence in this case which had a tendency to show that Park & Tilford, through their driver or otherwise, were guilty of negligence toward this plaintiff.   The evidence has a tendency to show that the horse which ran away was a green horse; that he had only been owned by Park & Tilford a week or 10 days; that he had been driven a few times by the superintendent of their

stables and by the driver who was in charge at the time of the accident, and that he became frightened at an ordinary wide-bladed shovel used by the street cleaning department on the asphalt pavements; that he backed up, broke the hook or staple which held the hold-back straps; and that, when the wagon ran onto his heels, he started and ran in the direction of the car in which the plaintiff was a passenger. The defendant's driver does not appear to have had a very comprehensive mind, and the manner in which he testifies he acted under the circumstances is sufficient to bring into question his efficiency. Of course, a mere error in judgment in a situation of the kind is not negligence; but whether the driver was a man of sufficient judgment and intelligence to be entrusted with a green horse, whether the harness and trappings were such as were required by considerations of safety and the exercise of reasonable care, and all the circumstances connected with the accident are proper matters to be considered. One witness testified that he thought that one of the reins was out of the driver's hands, and was flying in the air. Another testified that the driver had the reins, but that they were loose over the horse's back. While the weight of the evidence would seem to be in favor of the theory that the driver was using his best judgment and strength in dealing with a trying situation, it cannot be said as a matter of fact that there was no legal evidence tending to establish negligence on the part of the defendant Park & Tilford. This being the case, it was error to dismiss the complaint. On the setting aside of the verdict, which rested within the discretion of the trial court, a new trial should have been granted, and the motion to dismiss the complaint should have been denied.

The judgment and order appealed from, in so far as it relates to the defendant railway company, should be affirmed, and, as it relates to the defendant Park & Tilford, the judgment and order should be reversed, and a new trial granted, costs to abide the event. All concur.

GAYNOR and MILLER, JJ., vote to affirm the judgment and order as to both defendants.